**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
FEB 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tyrone Rodriguez, Sr.
Plaintiff/Pro Se
860 Green Heron Court, Apt. #D
Kissimmee, Florida 34742
Tel: 407-744-5238

V.

Michael Chetroff, Secretary
Department of Homeland Security,
Agency, &
Cari M. Dominguez, Chair
Equal Employment Opportunity Commission,
Agency, (Third Party).

CASE NUMBER 1:06CV00359

JUDGE: Unassigned

DECK TYPE: Civil Rights (non-employme:

DATE STAMP: ■/■/2006

JURY ACTION

_____/

## COMPLAINT AND DEMAND FOR A JURY TRIAL

I hereby as the Plaintiff further referred to as RODRIGUEZ, files this complaint after making two attempts in good faith in December 22, 2005 within the timely time limits as set forth with the EEOC regulations, and January 2006 after it was returned twice by the Clerk's office for not providing the proper forms and incorrect wording as a pro se litigant with limited legal knowledge. I pray that the court acknowledges my limited legal knowledge and that the complaint be filed accordingly as it does not prejudice the parties. The complaint is filed pursuant to violation of Title VII National Origin discrimination and Title I of the Americans with Disabilities Act per a perceived disability, and violations per OPM and Code of Federal Regulations regulations. RODRIGUEZ requests that the fees be waived due to indigence and that Counsel be assigned due to indigence and the merit of the case and it's substantial Public Interest. RODRIGUEZ proves the court in good faith a copy of the EEOC Right to Sue Letter, Exhibit, I, and the last request to reconsider, Exhibit, II.

RECEIVED
FEB 0 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

# BRIEF FACTS OF THE CASE

RODRIGUEZ applied for a position with the (INS) (Agency) in 1992 after being employed with the Department of Justice/Bureau of Prisons as a Senior Correctional Officer/Case Manager having two (2) college degrees, former Army Combat Veteran, State of Florida Investigator, and fluent in Spanish. Rodriguez had Priority Lateral Transfer placement as a 3 - year federal employee among outside applicants or non - federal employee applicants. RODRIGUEZ application process was unreasonably delayed for years having to submit and undergo the background and medical examination process several times where the INS claims RODRIGUEZ application was accidentally removed from the register; however, the head of Human Resources would not place PRODRIGUEZ on a priority hire status based on the unreasonable delays; therefore, RODRIGUEZ, believed he was being discriminated against due to his filing EEOC complaints in the past and passed over by applicants that had no prior history of EEOC complaints.

The INS repeatedly denied RODRIGUEZ employment and hired substantial Mexican American applicants, which many were not current DOJ employees. The INS clearly showed through there rejection report that a key **ISSUE** was: Prior **EEOC** activity. They also violated ADA regulations by relying just on there own physician who is not an expert in the field of mental health and in fact was just a general M.D, but ignored a positive recommendation by an expert physician, Dr. Bartlett which they hired. They also violated ADA policy and OPM policy by not informing RODRIGUEZ of the non-selection process, DR. Butler (INS) report and non-expert assessment based on **OLD** false unsubstantiated information rather than new information and with numerous conversation with Dr. Bartlett without RODRIGUEZ input and or rebuttle. Dr. Bartlet, Clinical Pyschologist testified by sworn testimony via affadavit that he has no recall of any conversation with Dr. Butler (INS) and that he would not have the release to talk to Dr. Butler. Dr. Bartlett also testified that he would not change his opinion after reading the negative information RODRIGUEZ provided because he would base background information on **NEW** information and the INS did not ask him to evaluate RODRIGUEZ again, which violated ADA policy and good faith practices to allow an applicant to provide his own expert report. Dr. Butler (INS testified under oath at the hearing that he did not find himself more qualified than Dr. Bartlatt and than he agreed that Dr. Bartlett's report as an expert would have more weight than his report (see agency file and the hearing transcripts). The INS has never provided any evidence to support there rejection of RODRIUEZ, in disregard to the EEOC and ADA standard to proved substantial current medical evidence other than based on discriminatory motive and a perceived disability basis. EEOC regulation 29 CFR 1613.271 & 20 and 29 CFR 1613.2719c,

1988, clearly stipulates that during the administrative process the agency must provide evidence by clear and convincing evidence standard and not a preponderance of the evidence. The INS has not even shown by preponderance of the evidence they not have a motive to discriminate or perceived disability based on written testimony/evidence and sworn testimony.

## CONCLUSION

Based on the substantial evidence that the INS and he EEOC violated ADA practices and there is evidence that they discriminated against RODRIGUEZ and labeled him disabled which the decision is available on the INTERNET, which is also defamation of character, RODRIHUEZ is entitled to damages by both agencies for $300,000.00 and be given an offer of employment with back pay and benefits. The EEOC should remove Rodriguez case from the internet and stop the practices of posting cases on the internet at the administrative level. RODRGUEZ is also requesting that his fees be waived and counsel appointed based in his income of about $2,000.00 a month and bills that are approximately $2000.00 a month to include child support and the substantial merit of the case.

## CERTIFICATE OF THE DEFENDANTS ADDRESSES

I hereby state that to the best of my knowledge the defendants addresses are as follows:

Department of Homeland Security, Office of Special Counsel, 20 Massachusettes, Washington, D.C. 20529; and the Equal Employment Opportunity Commission, office of Federal Operations/office of Special Counsel, 1801 L Street, N.W., Washington, D.C. 20507.

Respectfully Submitted,

Tyrone Rodriguez, Sr.
Complainant
860 Green Heron Court, Apt. #D
Kissimmee, Florida 34742



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Tyrone Rodriguez, Sr.,
Complainant,

v.

Michael Chertoff,
Secretary,
Department of Homeland Security,
Agency.

Request No. 05A50871

Appeal No. 01A40448
Agency No. I-97-0220
Hearing No. 100-A1-8070x

## DECISION ON REQUEST TO RECONSIDER

On May 11, 2005, Tyrone Rodriguez, Sr., (complainant) timely[1] requested reconsideration of the decision in *Tyrone Rodriguez, Sr., v. Michael Chertoff, Secretary, Department of Homeland Security*, EEOC Appeal No. 01A40448 (March 24, 2005). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. 29 C.F.R. § 1614.405(b).

The previous decision affirmed the agency's final action accepting the decision of the Administrative Judge (AJ) that it did not discriminate against complainant when he was not hired as a border patrol agent. In his request, complainant argued that the previous decision did not provide a legal analysis and that the AJ applied the wrong standard of proof and required complainant to prove discrimination. Initially, we note that the previous decision affirmed the AJ's decision, which provided a full and correct legal analysis. Further, in fact, complainant misstated his burden of proof, *i.e.*, it is his obligation to demonstrate by a preponderance of the evidence that the agency's reason for its action was not true and a pretext, or sham, for discrimination; because complainant did not carry his burden, the AJ properly sustained the agency's refusal to hire him. We find that the previous decision was correct.

---

[1] The Commission will accept complainant's request as timely filed. He is reminded that it is his obligation to inform the Commission when his address changes.

06 0359
FILED
FEB 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                05A50871

In order to merit the reconsideration of a prior decision, the requesting party must submit written argument that tends to establish that at least one of the criteria of 29 C.F.R. § 1614.405(b) is met. The Commission's scope of review on a request for reconsideration is narrow and is not merely a form of a second appeal. *Lopez v. Department of the Air Force*, EEOC Request No. 05890749 (September 28, 1989); *Regensberg v. USPS*, EEOC Request No. 05900850 (September 7, 1990). The Commission finds that the complainant's request does not meet the regulatory criteria of 29 C.F.R. § 1614.405(b), in that, the request does not identify a clearly erroneous interpretation of material fact or law, nor does it show that the underlying decision will have a substantial impact on the policies, practices or operation of the agency.

After a review of the complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A40448 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on the decision of the Commission on this request.

## STATEMENT OF COMPLAINANT'S RIGHTS - ON REQUEST FOR RECONSIDERATION

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole

3                              05A50871

discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)

---
Carlton M. Hadden, Director
Office of Federal Operations

SEP 1 4 2005
---
Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

SEP 1 4 2005
---
Date

(signature)
---
Equal Opportunity Assistant

EGUAL EMPLOYMENT OPPORTUNITY COMMISSSION
OFFICE OF FEDERAL OPERATIONS
P.O BOX 19848
WASHINGTON, D.C. 20036

Tyrone Rodriguez, Sr.
Complainant,

v.

Michael Cheroff,
Secretary,
Department of Homeland Security
Agency.

Appeal No. 01A40448

Agency No. I-97-0220

Hearing No. 100-A1-8070X

## REQUEST FOR RECONSIDERATION

I HERBY as the complainant file this timely appeal, which was received by sent fax by James Messenger of the OFO on April 15, 2005, see Ex. I. I moved two years ago and sent the OFO a change of address; however, it apparently was not updated by the EEOC or the OFO. I subsequently sent a second change of address on March 28, 2005 after learning of the decision on March 24, 2005, see Ex. II. I'm requesting reconsideration to establish that both the appellate decision involved a clearly erroneous interpretation of material fact or law, and that the appellate decision will have substantial impact on the policies, practices, or operations of the agency based on the following grounds:

A.) The appellate decision is rendered with no legal analysis and/or conclusions of law in which to properly file arguments and in support of this request and for the public to make proper interpretations of the material facts that were used and

1

which EEOC regulations and practices the decision were based on for future comparisons and citation. B.) The AJ erroneously used the wrong standard of evidence in this case as a "preponderance of the evidence" for a federal agency. EEOC regulations 29 CFR 1613.271©(20 and 29 CFR 1613.2719c) (1988), clearly stipulates that a Federal Agency must establish evidence by "Clear and Convincing Evidence, agency must show that appellant would not have been selected absent the discrimination." See David E. Stock v. Department of Justice – Appeal No. 01953223 – Request No. 05980053. C.) The AJ erroneously required the complainant to actual prove discrimination, where a complainant only needs to prove that the agency had a motive to discriminate, see Burdine, 450 U.S. at 253. D.) The AJ relied on unsubstantiated statements in the background file along with Dr. Butler's statements as the previous decision that was reversed, see Ex. III. The only new evidence or testimony presented that the last reversed appeal was testimony from Dr. Butler, Ms. Stanley, and a sworn affidavit from Dr. Bartlett, Clinical Psychologist hired by the agency. A jury of my peers could never rule in favor of the agency with the enormous evidence of discrimination by direct evidence and lack of integrity of Dr. Butler and Ms. Stanley. Dr. Butler testified that he has had at least one medical malpractice suit and has been investigated by the Inspector General for misconduct in the past. He also testified that he had "numerous" conversations with Dr. Bartlett and Dr. Inwald. Dr. Bartlett by sworn affidavit under the penalties of perjury had no recall of such a conversation as Dr. Inwald, see Ex. IV, V, and VI. Ms. Stanley states that she did not know of my EEOC complaints. The record shows that the

2

Security Officer stated to EEO Counselor Ms. Martinez that he was aware of my EEO activity, and Dr. Butler testified at the hearing that he was aware of my EEO activity in the past and who's statements were tanamou8nt to the adverse employment action, and through Direct Evidence in the background report of rejection, the agency documented very clearly EEOC activity: **ISSUE(s)**, see Ex.VIII, whereby Dr. Butler and Ms. Stanley contentions and statements cannot be believed, see Maria Addis v. USPO Appeal No. 01971051, "Finally, we do not find credibility in Supervisor's denial that he the appellant have filed EEO complaints. His contentions that he did not know of the complaint cannot be believed." E.) The agency per pretex of actual discrimination did not follow EEOC regulations and the regulations and good faith practices by the ADA. Dr. Butler never notified me of the assessment process, Dr. Butler never contacted me for a follow up, did not request a follow up with Dr. Bartlett, or offer me the opportunity to have my own expert give input on my behalf. Dr. Butler's report seems to be self serving, see David E. Stock v. DOJ and EX. V, "Dr. Butler cannot speak for me. My expertise on you does not extend beyond my report of 3/7/97. Any changes of it would be from an addendum based on "NEW" information. NO ONE has asked me to evaluate you further. More importantly, I would not change my opinion of you (fitness for Border patrol Agent) based on heresay information from Fr, Butler. His Current interpretations of my report aappear to meet his "needs" (and the agency presumably) not mine and not yours. F) There evidence on the reord that I had successful employment in the military/ law enforcement and after 1995, which Dr. Butler conviently avoided to discover.

3

Dr. Butler also testified at the hearing that Dr. Bartlett's report had more weight than his because Dr. Butler had expertise in the field and he did not, see Enfiorcemenent Guidance Disability related inquires and Medical Exmainations of employees under the ADA., page 9, medical evidence must be obtained my current objective medical evidence, page 13, documentation is insuffuient if it relies an medical information from a health care professional that does not have the expertise in the actual medical condition and trhe information is not credible or is fradulant, is not the best objective evidence, employer does not provide applicant to have documentation from his own physcisian, and soley relies on their own health care professional. The agency must also must proved what major life activity the applicant is sufficient, which the agency has never has. Therefore, with the direct evidence of discrimination on file, lack of credibility, the agency cannot prove there case in a clear and convincing evidence standard and a this request must be granted.

Certificate of Service

A true copy was delivered to Peter Gregory, Agency representative ay 425 I street, Ste 6100, Washibngton D,.c 20536

Sincerely

Tyrone Rodriguez

4