UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
FILED
MAY 2 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
```

Tyrone Rodriguez, Sr.
860 Green Heron Court, #D
Kissimmee, Florida 34741
    Plaintiff,

v.

Michael Cherotoff, Secretary
Department of Homeland Security, et al,
    Defendants.
_____/

Civil Action No.06-0359 UNA

May 24, 2006

## SECOND MOTION FOR RECONSIDERATION

RODRIGUEZ hereby files this second motion for relief due to the following facts: The Honorable did not consider RODRIGUEZ statement under the penalties of perjury in the first page of the first motion that is he did not received the right to sue letter until the end of September that is the 29 or the 30th. With mailing time RODRIGUEZ would have had to at least ~~September~~ December 29, 2005, where it was received December 27, 2005. RODRIGUEZ has abided by all the time frames of the administrative process for 12 years and has always acted diligently upon proper receipt of the documents as per EEOC rules of 90 days of receipt of the EEOC right to sue letter. See Ex. I & II. Your Honor errs in presuming that RODRIGUEZ received the right to sue letter within 5 days as that would be totally unrealistic with the average government mail processing time. As a former Case Manager with the Department of Justice, mail would at an average take 2 to 3 weeks after I signed documents and forwarded to a secretary then the mail room. As a perfect example as part of my argument with the District Court's enormous delays in the mail room, Your Honor February decision was signed February 2, 2006, but not metered



until March 2, 2006, and not received by RODRIGUEZ until March 10, 2006. To See ex. III & IV. Dismiss RODRIGUEZ complaint on a presumption is highly unfair with RODRIGUEZ statements with years of holding positions of integretity. I, Rodriguez contend under the penalties of perjury that I mailed the complaint on a timely matter as asserted and will have a strong argument on appeal for errors made with lack of discretion for a pro se litigant and RODRIGUEZ prays for careful consideration and that the Motion be granted.

Submitted.

Tyrone Rodriguez, Sr.

Plaintiff.

2                                05A50871

In order to merit the reconsideration of a prior decision, the requesting party must submit written argument that tends to establish that at least one of the criteria of 29 C.F.R. § 1614.405(b) is met. The Commission's scope of review on a request for reconsideration is narrow and is not merely a form of a second appeal. *Lopez v. Department of the Air Force*, EEOC Request No. 05890749 (September 28, 1989); *Regensberg v. USPS*, EEOC Request No. 05900850 (September 7, 1990). The Commission finds that the complainant's request does not meet the regulatory criteria of 29 C.F.R. § 1614.405(b), in that, the request does not identify a clearly erroneous interpretation of material fact or law, nor does it show that the underlying decision will have a substantial impact on the policies, practices or operation of the agency.

After a review of the complainant's request for reconsideration, the previous decision, and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A40448 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on the decision of the Commission on this request.

## STATEMENT OF COMPLAINANT'S RIGHTS - ON REQUEST FOR RECONSIDERATION

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole



UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TYRONE RODRIGUEZ, SR.
860 Green Heron Court, #D
Kissimmee, Florida 34742
Tel: 407-744-5238
    Plaintiff,

v.

MICHAEL CHEROTOFF, Secretary,
Department of Homeland Security, et al,

    Defendants.

Civil Action No: 06-0359

March 10, 2006

_____/

## MOTION FOR RECONSIDERATION

RODRIGUEZ hereby files this motion for reconsideration and prays that your Honorable reconsiders the previous dismissal and reverse the decision and allow the case to proceed based on the following facts: (1) RODRIGUEZ states that he did file a complaint for submission in a timely bases, mailed (metered mail) on December 22, 2005, Clerk of the Court docketed stamped the complaint on December 27, 2005, and returned the complaint to RODRIGUEZ on December 30, 2005 (See exhibit I & II) for corrections as a Pro Se litigant. RODRIGUEZ received the EEOC Right to Sue letter on or about the end of September 2005; which allowed RODRIGUEZ with 5 day mailing time to file and submit a complaint for filing by the first week of January 2006; therefore, RODRIGUEZ initial complaint as a Pro Se litigant returned for corrections. (2) RODRIGUEZ is divorced and a single father of a 9 year old son. He had to discontinue his career as a Private Investigator to a Taxi Driver, which offers a little more flexibility in order to

Ex. II

unobtainable despite best efforts by the individual. *Id.* at 579. The burden of proof for equitable tolling is high and hence it is available only in extraordinary circumstances. *Id.* at 579-80. Where no such circumstances are found, the court cannot extend the statutory period "even by one day." *Anderson v. Local 201 Reinforcing Rodman*, 886 F.Supp. 94, 97 (D.D.C. 1995).

Plaintiff has attached the right to sue letter from the EEOC to his complaint. The letter is dated September 14, 2005. Plaintiff submitted his complaint to this Court on February 7, 2006. Therefore, the complaint was untimely filed and the case will be dismissed.

An appropriate order accompanies this Memorandum Opinion.

_____
United States District Judge

Dated: 2/10/06

-2-



CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS

Tyrone Rodriguez, Sr
860 Green Heron Court
Apt #D
Kissimmee, Fl 34743



Ex IV