# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5216**                    **September Term, 2006**

**06cv00359**

**Filed On: December 6, 2006**

[1008981]
Tyrone Rodriguez, Sr.,
            Appellant

        v.

Michael Chertoff, Secretary, Department of Homeland
Security and Cari M. Dominguez, Chair, Equal
Employment Opportunity Commission Agency,
            Appellees

**MANDATE**

Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED: _____

BY: _____ Deputy Clerk

ATTACHED: ___ Amending Order
          ___ Opinion
          ___ Order on Costs

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Sentelle, Henderson, and Tatel, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by the appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's orders filed February 27, May 15, and June 14, 2006 be vacated and the case remanded for further proceedings.  In dismissing appellant's complaint and denying reconsideration, the district court was obliged to accept as true that the 90-day period, in which appellant was required to file his complaint following the Equal Employment Opportunity Commission's (EEOC) final decision on his claims, began on the date that appellant alleges he received the right to sue notice. See 42 U.S.C. § 2000e-5(f)(1); Fed. R. Civ. P. 9(f) ("[A]verments of time and place are material and shall be considered like all other averments of material matter."); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002) (a court "must accept as true all of the factual allegations contained in the complaint").  The May 15, 2006 order denying appellant's first motion for reconsideration correctly recognized that appellant's complaint was deemed filed on the date it was first received by the clerk, December 27, 2005, but failed to note appellant's contention that he received the right to sue notice from the EEOC in "late September."  The June 14, 2006 order denying appellant's second motion for reconsideration also overlooked appellant's reiteration that he received the right to sue

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

Deputy Clerk

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 06-5216 <span style="float:right">September Term, 2006</span>

notice at the end of September, "that is the 29th or 30th," and his statement "under penalty of perjury" that he timely filed.  See 28 U.S.C. § 1746.  Therefore, the district court erred in denying reconsideration of its determination that the complaint was not filed within 90-days of appellant's receipt of the right to sue notice.  See Anyanwutaku v. Moore, 151 F.3d 1053, 1058-59 (D.C. Cir. 1998).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**