UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TYRONE RODRIGUEZ, SR.** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Civil Action No. 06-0359 (ESH) |
| **MICHAEL CHERTOFF** *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

This matter is before the Court on plaintiff's motion for the appointment of counsel to represent him in this employment discrimination case. Plaintiffs in civil cases generally do not have a constitutional or statutory right to counsel. *See Willis v. FBI*, 274 F.3d 531, 532-33 (D.C. Cir. 2001); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). If a plaintiff is proceeding *in forma pauperis*, the Court is authorized to appoint counsel under 28 U.S.C. § 1915(e)(1), but is not obliged to do so unless the plaintiff demonstrates that such exceptional circumstances exist that the denial of counsel would result in fundamental unfairness. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986). "Whether exceptional circumstances exist requires an evaluation of the type and complexity of each case, and the abilities of the individual bringing it." *Id*.

In a Title VII action such as this, the Court may appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). In reviewing such an application, the Court should consider "(1) the ability of the plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid

of counsel." *Ficken v. Alvarez*, 146 F.3d 978, 979, 980-81 (D.C. Cir.1998) (quoting *Poindexter v. FBI*, 737 F.2d 1173, 1185 (D.C. Cir. 1984)).

The Court has considered the potential merits of the claim, the complexity of the legal and factual issues involved, plaintiff's *pro se* representation thus far, and the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See* Local Civil Rule 83.11(b)(3). *Ficken*, 146 F.3d at 980-82. The Court has also taken into consideration the very limited *pro bono* resources available to it. After carefully weighing these factors on this undeveloped record, the Court concludes that the appointment of counsel is not warranted at this early stage of the proceedings. Accordingly, it is hereby

**ORDERED** that plaintiff's motion for the appointment of counsel [Dkt. # 13] is **DENIED** without prejudice.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: April 10, 2007