UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-359 (ESH) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| | ) |
| Secretary, Department of | ) |
| Homeland Security, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. In 1992, Plaintiff applied for the position of Border Patrol Agent with the Immigration and Naturalization Service ("INS" or "Agency").[1] Complaint (hereinafter "Compl.") at sentence 6; Exhibit A, p. 2.

2. By letter dated August 27, 1993, the Agency informed Plaintiff that "it has been almost a year since any individuals have been hired as trainee Agents," and requested that Plaintiff complete an attached inquiry form and return it to the Agency if Plaintiff was still interested in a Border Patrol Agent position. Exhibit B.

3. By letter dated July 11, 1994, Plaintiff was informed by the Agency that he must reapply under a new application system. Exhibit C.

4. On July 27, 1994, Plaintiff contacted and was interviewed by an Equal Employment Opportunity ("EEO") counselor in the Agency's EEO office. During that interview, Plaintiff

---

[1] Immigration and Naturalization Service was abolished in March 2003, and its functions were transferred to three newly created agencies within the Department of Homeland Security. The U.S. Border Patrol was transferred to U.S. Customs and Border Protection, an agency within the Department of Homeland Security. Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 471, 116 Stat. 2135, 2192, 2205 (codified at 6 U.S.C. §§ 251, 271, 291 (2006)).

provided that he believed he was not selected by the Agency because he was Hispanic. Exhibit D, pp. 2-4.

    5.  By letter dated August 11, 1994, Plaintiff was notified that the Agency had tentatively selected him for the position of Border Patrol Agent (Trainee), pending satisfactory completion of the Agency's security requirements, medical examination and drug testing. Exhibit E.

    6.  During the Agency's background investigation of Plaintiff, Plaintiff told the investigator that while working for the Bureau of Prisons ("BOP") in Miami, Florida from 1990 to 1993, Plaintiff was subjected to harassment because other employees and inmates were jealous that he had applied for a position with the Drug Enforcement Agency. Plaintiff told the investigator he was accused of "being a pervert, a pimp, a drug dealer, and even a pedophile." Plaintiff stated that in 1993, he transferred to a federal prison in Colorado, where he was subjected to the same type of harassment. Plaintiff stated that he resigned and began working for the Florida Department of Corrections ("DOC") in 1994. Plaintiff stated that while employed by DOC, he was subjected to the same sort of harassment he experienced while employed by BOP, and was additionally accused of having AIDS. Plaintiff speculated that someone at BOP was retaliating against him by spreading lies about him to his coworkers at DOC. Plaintiff stated that in May of 1995, he wrote a letter to the Secretary of DOC that was not well written because Plaintiff had been drinking, and was misinterpreted as threatening. Plaintiff stated that as a result of this letter and another incident, he was evaluated by a psychiatrist, Dr. Ballentine, and thereafter dismissed by DOC for not successfully completing his probationary period. Plaintiff stated that he went to another psychiatrist, Dr. Saavedra, for a second opinion. Plaintiff provided

that Dr. Saavedra prescribed Plaintiff medication, but when he realized it was an anti-psychotic drug, he decided not to take it.  Exhibit F.

      7.  By letter dated May 19, 1995, DOC requested that a psychiatrist, R.E. Ballentine, M.D., evaluate Plaintiff to determine whether he was able to perform his assigned duties as a Correctional Probation Officer.  The letter advised Dr. Ballentine that Plaintiff wrote a letter to the Secretary of DOC which raised concerns regarding Plaintiff's ability to perform his assigned duties, his welfare and the safety of other employees.  Exhibit G.

      8.  Dr. Ballentine's report of May 31, 1995, states that it is his opinion that Plaintiff was suffering from "a DSM IV diagnosis of Delusional Disorder-Persecutory Type," and that Plaintiff's delusions interfered with his ability to deal rationally with other people on the job. Exhibit H.

      9.  The Agency's background investigator reported that psychiatrist Lillian Saavedra, M.D., stated that she agreed with Dr. Ballentine's diagnosis of Plaintiff, but that Dr. Saveedra did not advise Plaintiff of such because she was afraid of how he might react.  Exhibit I, pp. 3-4.

      10.  By letter dated February 21, 1997, Plaintiff was informed that before the Agency could make a final determination regarding his application, he must complete a psychological and psychiatric examination to be conducted by "Dr. Ted Bartlett."  Exhibit J.

      11.  Clinical psychologist Edmund S. Bartlett, Ph.D., conducted a psychological examination of Plaintiff on March 3, 1997, and reported that Plaintiff was within the range of acceptability for the position of Border Patrol Agent.  Bartlett's report makes no mention of the harassment Plaintiff claimed to have been subjected to while employed by BOP and DOC.  According to the report, Bartlett agreed with Plaintiff not to discuss Plaintiff's firing from DOC. Exhibit K.

12. By report dated May 21, 1997, Ted Schwartz, ACSW, reviewed Plaintiff's background investigation materials and concluded that Bartlett did not have sufficient background information, which rendered him unable to uncover Plaintiff's delusional disorder. Exhibit L, p.2.

13. In May 1997, Plaintiff was told by Security Officer Larry Kitt that Kitt believed it was unlikely Plaintiff would be hired by the Agency based on the results of Plaintiff's background investigation. Exhibit M, p. 6.

14. Plaintiff sought EEO counseling on June 2, 1997, alleging that he was discriminated against on the bases of national origin (Puerto Rican) and reprisal for prior EEO activity when he was told he would not likely be hired by the Agency by Larry Kitt. Exhibit M, pp. 1-2.

15. On August 14, 1997, Plaintiff filed his formal EEO complaint. Exhibit N.

16. By report dated November 12, 1997, Agency Medical Review Officer Bruce Butler, M.D., M.P.H., stated that he believed there was sufficient evidence to support Plaintiff's diagnosis of delusional disorder with persecutory features, that a delusional disorder is incompatible with the safe and efficient performance of the duties and responsibilities of a Border Patrol Agent, and that he firmly recommends against placing Plaintiff in the position of Border Patrol Agent. Exhibit O, p. 1.

17. By letter dated December 31, 1997, the Agency accepted Plaintiff's complaint of discrimination on the bases of national origin (Puerto Rican) and reprisal (for previously seeking EEO counseling). The issue to be investigated was as follows: "In May of 1997, you were informed that you may not be hired for the position of Border Patrol Agent (Trainee) as a result of your background investigation." Exhibit P. [2]

---

[2] While the documents in the Agency's possession do not indicate that Plaintiff's EEO complaint was ever amended to include the issue of his actual non-selection, the Agency will accept for purposes of this motion that it is Plaintiff's non-selection, not his receiving information that he *may not be* selected, which is at issue in this case.

4

18. On January 15, 1998, Velmenia Stanley, Chief, Border Patrol Hiring Unit, submitted an Agency Request to Pass Over a Preference Eligible or Object to an Eligible to the Office of Personnel Management ("OPM"), in which the Agency objected to Plaintiff's eligibility based on his mental/emotional condition.  Exhibit Q, Exhibit R, p. 2

19. By letter dated March 9, 1998, Phillip Spottswood of OPM notified Plaintiff of OPM's conclusion that Plaintiff's medical condition presents an unacceptable safety and health risk and is likely to adversely affect his ability to perform the full range of duties required for the position of Border Patrol agent.  Exhibit S.

20. By order dated June 8, 2000, the EEOC Administrative Judge granted Plaintiff's request to amend his complaint to include as a basis "perceived as a disabled individual." Exhibit T.

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C. 20530
(202) 514-7236

6