## AFFIDAVIT

STATE OF FLORIDA
COUNTY OF ORLANDO

I, Tyrone Rodriguez ( Puerto Rico; prior EEO activity (sought EEO Counseling ), applicant, United States Border Patrol, Eastern Region, INS, DOJ, make the following statement freely and voluntarily to Peter M. Schilling, who has identified himself to me as a Contract EEO Investigator for the following federal agency: INS investigating a complaint of discrimination filed by Tyrone Rodriguez, knowing that this statement may be used in evidence. I understand that this statement is not confidential, and that it may be shown to the interested parties, those with a legal right to know. I hereby solemnly swear:

1. Have you ever been employed by the federal government? If so, please state what that position was, and the time period that you were so employed.

1. U.S Dept. of Justice, Federal Bureau of Prisons.
   MCC Miami, Miami, FL. - 7/90 – 9/93 Correctional Officer
   USP Florence, Co - 9/93 - 9/94 Case Manager
   Florence, Co.

2. Have you ever been employed by the Immigration and Naturalization Service/Border Patrol? If so, please state what that position was, and the time period that you were so employed. No

2.

3. Please describe the EEO activity in which you engaged prior to filing this complaint.

Objection. Question unclear.

p 1 of 4                                                                                              Init ___

1

What was the activity, and when.

3.

4. When did you first apply for a position in the Border Patrol? What happened with that application? What reason were you give for not being employed at that time, and by whom?

4. I applied only once — 2/92.

May of 97. Larry Kitt, Security informed me that I would not be hired due to the circumstances in my termination at the State of Florida 1995. INS had previously denied my application on 2/94 as I was rejected supposedly via a Computer and reactivated After I filed a Complaint

5. In May of 1997, who informed you that you may not be hired for the position of Border Patrol Agent Trainee as a result of a background Investigation? What specifics did they give you as to the reason you would not be hired? When did they say a decision would be

p 2 of 4

InT —

2

made?

5. Larry Kitt, Security.

Very soon within a month

6. Prior to this May, 1997 telephone call, when did you most recently apply for a position with the Border Patrol as a Border Patrol Agent Trainee?

6. Applied only once 8/92

7. Why do you believe that this telephone call in May 1997 was discrimination against you on the basis of your national origin, and reprisal? Please respond specifically and in detail.

My application was delayed for "5" years. I personally observed for less qualified white's & Init -

p 3 of 4

3

7. Mexican officers within the Area of prisons who were hired in six months. Many applied the summer of 1993 and hired that winter. I had already passed background, medical and waiting for hire since 2/92. I had been with the federal gov't 3 years. I was taken off the list off an alleged Computer by personnel.

8. What would you like to resolve this complaint?

8. To be hired to an equal position in Orlando, Florida awaiting personnel final decision as they have brought OPM on ADA issues currently on appeal.

I HAVE READ THE ABOVE STATEMENT CONSISTING OF PAGES AND IT IS TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT THIS STATEMENT IS NOT CONFIDENTIAL, AND THAT IT MAY BE SHOWN TO THE INTERESTED PARTIES.

Tyrone Rodriguez

Subscribed and sworn to me

At Orlando, FL on this ___

Day of January 1999

Witness or Notary

p 4 of 4

4

## PRIVACY ACT NOTICE TO COMPLAINANT
## FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, sections 5.2 and 5.3; Title 29, Code of Federal Regulations, section 1613/1614; Title 5, United States Code, sections 1303-1304; Title 42, United States Code, section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses published in the Federal Register.

### EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary. However, failure to furnish the information will result in your complaint being returned without action and being recommended for cancellation for failure to prosecute.

_____    _____
Signature of Interviewer                             Signature of Complainant

                                                      1/25/99
                                                      _____
                                                      Date

                                                      Orlando, Fl.
                                                      _____
                                                      Place

Z 016 715 652

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | |
|---|---|
| Sent to | Tyrone Rodriguez |
| Street & Number | 7265 Gateshead Circle #5 |
| Post Office, State, & ZIP Code | Orlando FL 32822 |
| Postage | $ .55 |
| Certified Fee | 1.40 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1.25 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 3.20 |
| Postmark or Date | |

PS Form 3800, April 1995

---

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:
Tyrone Rodriguez
7265 Gateshead Circle #5
Orlando, Florida
32822

4a. Article Number
Z016 715 652

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail   ☐ Insured
☐ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery

5. Received By: (Print Name)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature: (Addressee or Agent)
X

PS Form 3811, December 1994    102595-98-B-0229    Domestic Return Receipt

6

February 4, 1999

Peter M. Schilling
742 Belmont Street
Watertown, MA
02472

Tyrone Rodriguez
7265 Gateshead Circle #5
Orlando, Florida 32822

Dear Mr. Rodriguez:

Enclosed please find a rebuttal statement for you to complete. This needs to be returned in a more timely fashion than your original statement, otherwise you face the potential of this response not being included in the Report of Investigation. Please return the completed rebuttal no later than February 15, 1999 to:   Ellen Delany
DSZ & Associates
455 W. Broadway
Boston, MA 02127

Also, I have enclosed a copy of the last page of your original affidavit. Please have the witness date the statement. Return it with your original.

I would also appreciate it if, on a separate sheet of paper, which you sign and date, you indicate what prior EEO activity you are claiming that the Agency took a reprisal against you for participating in. You did not clearly respond to the question as posed in the original affidavit. Further, please indicate, which Agency Official or Officials took the discriminatory actions against you, and how their actions are specifically related to your Puerto Rican national origin.

Thank you.

Sincerely,

Peter M. Schilling

AFFIDAVIT

I, Tyrone Rodriguez make the following statement freely and voluntarily to Peter M. Schilling, who has identified himself to me as a Contract EEO Investigator for the following federal agency: INS investigating a complaint of discrimination filed by Tyrone Rodriguez, knowing that this statement may be used in evidence. I understand that this statement is not confidential, and that it may be shown to the interested parties, those with a legal right to know. I hereby solemnly swear:

This is an addendum to my original statement.

1. Valmenia Stanley, Supervisory Personnel Management Specialist, INS, HQ, makes the following statement regarding you suitability for employment with the U.S. Border Patrol. There was some question raised in the background information as to whether to grant him a Security Clearance or not. We had some concerns based on medical information he provided as to whether he would be a danger to himself or someone else. I asked the representative at Headquarters of the Employee Assistance Program to do an assessment of the information in the file, which related to the psychological fitness of Mr. Rodriguez. Using information that Mr. Rodriguez had provided to us, the EAP person made a recommendation that we should get additional input on Mr. Rodriguez. We then contacted Dr. Bruce Butler, who reviews the medical documentation for our Public Health Section. Dr. Butler did a large writeup on his evaluation of the information in the file on Mr. Rodriguez, including medical documentation and information on past positions held by Mr. Rodriguez. It was his judgement in an opinion letter of November 12, 1997, that Mr. Rodriguez was not suitable for employment with the Border Patrol.

Once we get a determination like this from Dr. Butler, the procedure is for us to then go to OPM, and ask for a final judgement as to the suitability of this candidate based on Dr.

Butler's decision. We recommended not employing Mr. Rodriguez. OPM agreed in a decision dated February 19, 1998. It is up to OPM to notify Mr. Rodriguez directly, which it did. According to OPM, Mr. Rodriguez posed an unacceptable safety and healthy risk because of the psychological issues presented in the review. Ms. Stanley denies that she had any knowledge of any prior contact with EEO you may have had. Please comment below if you choose on these statements by Ms. Stanley.

2.

3. Larry Kitt, Personnel Security Specialist, denies making any determination himself regarding your suitability for employment with the U.S. Border Patrol. He states he may have been aware from information in your file that you had some EEO contact, but did not

p 2 of 4

Init:

9

know as to whether it was with INS or another federal Agency. Please comment below on these statements by Mr. Kitt.

3.

I HAVE READ THE ABOVE STATEMENT CONSISTING OF 4 PAGES AND IT IS TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE. I UNDERSTAND THAT THIS STATEMENT IS NOT CONFIDENTIAL, AND THAT IT MAY BE SHOWN TO THE INTERESTED PARTIES.

*[signature: Tyrone Rodriguez Sr.]*
Tyrone Rodriguez

Subscribed and sworn to me

At Orlando, FL on this 18th

Day of February 1999

*[signature: Verna I. Rodriguez]*
Witness or Notary

## PRIVACY ACT NOTICE TO COMPLAINANT
## FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, sections 5.2 and 5.3; Title 29, Code of Federal Regulations, section 1613/1614; Title 5, United States Code, sections 1303-1304; Title 42, United States Code, section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to Equal Employment Opportunity Commission activities, to the intelligence agencies of the Federal Government, or to others for uses published in the Federal Register.

### EFFECTS OF NON-DISCLOSURE

Disclosure of the information sought is voluntary. However, failure to furnish the information will result in your complaint being returned without action and being recommended for cancellation for failure to prosecute.

_____
Signature of Interviewer

_____
Signature of Complainant

2-18-99
Date

111 Caterham Way
Kissimmee, FL - 38759
Place