**THIS REPORT MAY NOT BE RELEASED TO THE APPLICANT AS IT REFERENCES INFORMATION FROM ANOTHER SOURCE WHICH MAY NOT BE RELEASED TO THE SUBJECT.**

Tyrone Rodriquez  
DOB: ▮▮▮▮▮▮  
Border Patrol Trainee Applicant  
Age: 33  
Education: BA '89

Reviewer: Ted Schwartz, ACSW  
Date: May 21, 1997

This reviewer was asked to review the applicants application as there were mental health concerns raised. This adult male received a psychiatric exam on May 31, 1995, apparently at the request of the Florida Department of Corrections to determine if he was dangerous. At that time the MMPI was conducted the results were found to be normal. However, the mental status exam, and psychiatric interview revealed that he suffered from a DSM IV diagnosis of Delusional Disorder-Persecutory Type. This conclusion was based on the observation that he exhibited self-referential and persecutory overvalued ideas, which appeared to be false and a belief system that appeared to be fixed. He had reported that in August 1993, while working at a federal corrections facility in Colorado that he thought people were alleging he was a drug dealer, a pedophile, untrustworthy and had AIDS. These thoughts continued after he moved to Florida in September of 1994. He also reported that his beliefs affected his work with supervisors, peers, the courts and the public. The psychiatrist suggests that his Delusional Disorder-Persecutory Type interfered with his ability to deal rationally with other people in the job of a Caseload Officer and in the job of a Pre-Sentence Investigator.

*Review from Ted Schwartz*

An examination of this applicants work history shows a pattern of instability due to multiple jobs. Note record below.

| DATE | Time in place | Job status | Reason for leaving |
|---|---|---|---|
| 1/15/96 to 2/13/96 | Unknown | Unemployed | **Unemployed** |
| 12/11/95 to 1/15/96 | 1 month | Investigator | **Dismissed** |
| 6/5/95 to 12/11/95 | 6 months | Unemployed | **Unemployed** |
| 9/23/94 to 6/5/95 | 8+ months | Probation Ofcr. Titusville, Fl. | **Dismissed** |
| 2/94 | 1 Day | PT packing job | **Resigned**/hard work |
| 8/30/93 to 9/17/94 | 12 months | Case Manager Florence, Co. | Relocate to FL. |
| 7/15/90 to 8/30/93 | 3 Years | Correctional Ofcr. | Promotion |
| 5/8/89 to 7/6/90 | 1Yr, 2 mos. | State Investigator | New Job/advancement |
| 11/88 to 5/89 | 6 mos. | Remittance Opert. | New Job/advancement |

See 171 for additional positions.

This applicant has held six jobs in six years and was terminated while a Probation Officer in June of 1995. There were no interviews noted in the background material with his prior supervisors in any of his other positions. This would provide additional information regarding this applicants suitability.

C00286



Tyrone Rodriquez  
DOB: ▓▓▓▓▓  
Border Patrol Trainee Applicant

Reviewer: Ted Schwartz, ACSW  
Date: May 21, 1997

It appears that the applicant sought a second opinion to counter the findings of the 1995 psychiatric report. The applicant saw, Dr. Lillian T. Saavedra (Psychiatrist) in July of 1995. Her report may not be released to the subject. She seemed to support the earlier psychiatric report, but did not tell the applicant for she feared for her own personal safety.

As per the MMPI done in 1995, the battery of tests done on March 7, 1997, by a clinical psychologist shows no abnormalities. However, the Psychologist's report shows no investigation into the applicants beliefs. The psychologist agreed not to discuss the 1995 dismissal incident in particular detail, which did not allow for examining the applicants thoughts and feelings on this matter. This did not allow for further examination of the applicants belief system that might have emanated from such a discussion.

In another instance, the psychologist references the private investigator position that the applicant had acquired in late 1995, but the background narrative did not reference the fact that the applicant had been dismissed. The report leads the reader to believe the psychologist was told that the applicant had voluntarily left the job, since the applicant could not "procure a camera or a cell phone." This does not appear to be what happened. The applicant's 171 says the dismissal was "mutual." The applicant states he desired leaving the position as the position was dangerous and he did not enjoy any legal protection from the employing agency. However, the applicant appears to have reported (page 3, second paragraph) that he intended to go back to the agency that dismissed him after he had earned enough money for his camera and cell phone from working for Special Response Corporation in 1996. This appears to be contrary to his original statement, nor realistic to go back to an employer that dismissed him and one that he did not feel adequately supported him in his work. His employment with Special Response Corporation appears to have lasted less than one month.

Conclusion

It appears that there are inconsistencies in the applicants background information. I conclude that the psychologist who interviewed the applicant on March 7, 1997, did not have sufficient background information causing him to miss the applicant's mental health "issues." Without background data or information from the applicant or other sources that describe the applicants behaviors or beliefs, the psychologist will be unable to uncover the applicant's delusional disorder. If the applicant is aware of this, he is not likely to reveal it voluntarily. There are too many issues that suggest this applicants tests good, and covers his disorder well. Lastly, according to the psychologist's narrative, the applicants job unreliability continued through 1996. I can only conclude that the there are mental health issues which appear to prevent the applicant to work well with others due to his delusional and persecutory type thinking. This applicants interview with the recent psychologist suggests the applicant presenting well but failing to provide true description of himself. His 171 and the psychological suggest he is not telling the truth. Finally, he has not yet had a psychiatric exam as he was instructed to do in his February 21, 1997 letter from Steven A. Park.

**THIS REPORT MAY NOT BE RELEASED TO THE APPLICANT AS IT REFERENCES INFORMATION FROM ANOTHER SOURCE WHICH MAY NOT BE RELEASED TO THE SUBJECT.**

00287    2