



U.S. Department of Justice
Office of EEO, Room 2232
Immigration and Naturalization Service
425 I Street, N.W.
Washington, D.C. 20536

## REPORT OF EEO COUNSELING

The Matter Complained of By: ___Tyrone RODRIGUEZ___
(Charging Party's Name)
If charging Party gives his/her Permission)

Organizational Unit: ___Private Investigator___

Submitted by: ___MariaElena Hernandez___
(Name and Signature of Counselor)

Organizational Unit/Location: ___EEO Counselor/Detroit___

Telephone Number: Commercial ___(313)568-6051___

## INSTRUCTIONS FOR THE USE OF FORM

If the individual does not allege discrimination because of race, color, sex, national origin, religion, age or mental or physical handicap in connection with the matter complained of, complete only the above portion of this page; Items 1, 2, and 9 of Part A and Items 1, 2, and 3 of part B before submitting the Report of Counseling. Note under item 3 of part B any corrective action the individual received.

If discrimination of one of the above factors is alleged, complete ALL items before submitting the Report of Counseling and use Item 8 of Part B to report any corrective action received. Attach supplemental sheets referencing item number if additional space is required.

000462

2

## PART A

### KEY DATES

1. Initial Contact: __06/02/97__
   (Date the aggrieved person contacted counselor to schedule an interview.)

2. Initial Interview: __06/26/97__
   (Date)

3. 30-Day Notice*: __08/04/97__
   (Date)

4. Counseling Extension(s)*: __NONE__
   (Date)

5. Final Interview Notice*: __08/06/97__
   (Date)

6. Most Recent Action Identified as Discriminatory By Charging Party: _____
   __Reprisal/Regarding a previous discrimination complaint by the U.S. Border Patrol.__
   (Action and Date of Occurrence)
   __Last week of May 1997  Informed telephonically from HQ/Security that he would__
   __not be hired for Border Patrol due to his background.__

7. Offer of Assistance in completing DOJ 201-A:  a) Made by

   Counselor: __08/04/97__
   Date

   b) Accepted: _____   c) Rejected: __x__

8. Counseling Report Prepared: __07/08/97__
   Date

9. Report Submitted: __08/06/97__
   Date

10. Date Formal Complaint of Discrimination must be filed: __08/20/97__
    (15 days after issuance of "Notice of Final Interview)

* __x__ Copy of Notice Attached

000463

3

## PART B

## REASON(S) FOR SEEKING COUNSELING

1. Alleged Discrimination Based on:

   a. (X) Race (Specify) __Hispanic__

   b. ( ) Sex (Specify) _____

   c. ( ) Age (Specify) _____

   d. (X) National Origin (Specify) __Puerto Rican__

   e. ( ) Color (Specify) _____

   f. ( ) Religion (Specify) _____

   g. ( ) Mental Handicap _____

   h. ( ) Physical Handicap _____

   i. (X) Other (Specify) __Reprisal__

2. Matter(s)/Action(s) Complained of:
   On April 1992, Mr. Rodriguez states he applied for a position with the U.S. Border Patrol. He was not contacted for two years. In February 1994 Mr. Rodriguez was contacted from HeadQuarters Border Patrol and informed he had been taken off the list and had to reapply for a position with Border Patrol. In July 1994, he contacted EEO/NRO and they requested he be placed on a priority list to attend the next Border Patrol Training Class. Mr. Rodriguez states he was informed the names selected from the list were computer generated and he would have to reapply as no vacancies were available. Also no room was available for the class. Mr. Rodriguez states he has not been able to get selected based on his EEO complaint filed previously.

000464

3

4

3. Corrective Action Sought:

Mr. Rodriguez is requesting the opportunity to be selected for the Border Patrol and demonstrate he is capable and would be willing to accept a non-enforcement position for a probationary period to prove his "excellent work ethics".

4. Chronology of Events: (Explain the events causing the aggrieved person to believe he/she has been discriminated against.)

April 1992-Applied for the position of Border Patrol with HQ. Mr. Rodriguez, did not hear anthing, Mr. Rodriguez called HQ constantly, bearing the expense of long-distance telephone calls and was informed he would be sent to Glynco.

Feb. 1994-Mr. Rodriguez received a letter from HQ/BP stating he had to reapply for the position as his name was taken off the list, Mr. Rodriguez was employed with the Bureau of Prisons and observed fellow officers in lower staff capacity being selected for Border Patrol positions long after he had applied.

July 1994- Mr. Rodriguez contacted EEO/NRO, Darlene Jedlicki and initial interview took place on 7/27/97, on 08/15/94, for the final interview. She spoke with three persons basically during informal negotiations and requested priority, and advised by personel that he was qualified.

Sept 1994- Mr. Rodriguez received the Formal complaint form, fifteen days prior to filling out and submitting he received a medical package via Federal Express advising him they would continue the process but due to the time period, he would have to retake the medical examination.

Note: (Mr. Rodriguez states he has all the documentation and stated he would send to me, but they never arrived).

June 1995- Mr. Rodriguez stated he spoke with a person in Examining Unit and stated he would need another Background investigation from 1994 & 1995.

5. Counselor's Plan of Action: (May include contacting Servicing Equal Opportunity Officer for technical guidance.)

Contacted EEO/ERO as he immediately wanted to proceed with the Formal Complaint process based on his past EEO contact and the time he has waited to receive a decision. I sent the announcement to be placed on the list for qualifying veterans.

000465

4

5

## 6. INQUIRY

**a. Review of records:(indicate name of records reviewed and the date of each review).**

I had no records to review, Mr. Rodriguez stated he had full documentation for incidents and records of action that had taken place and would provide them, none were provided. I requested documentation from the Border Patrol Specializing Unit and Ms. Stanley stated they would have to be requested by a FOIA request, signed by Mr. Rodriguez.

**b. Personal Interviews:(Include date, name, title, organizational position, matter(s)discussed).**

**1.** On June 26, 1997, I spoke with Tyrone Rodriguez regarding this request to submit a EEO complaint. On April 1992, Tyrone Rodriguez applied for a position with the U.S. Border Patrol as an agent. Mr. Rodriguez stated he has endured many years and humiliating requests in attempts to be hired for the position of Border Patrol agent.

Mr. Rodriguez stated he contacted EEO in 1994 and on July 7, 1994, Darlene Jedlicki handled his case. The final interview took place on August 15, 1994. Mr. Rodriguez was informed of her discussions with three persons, basically doing the informal negotiations and requesting priority for Mr. Rodriguez to gain admittance into the next Border Patrol Agent class. Val Stanley informed Ms. Jedlicki they had no space and he would have to reapply.

On August 24, 1994, she again contacted Mr. Walstirether, Acting Chief Personnel Management Branch and requested priority to place him on the list, Mr. Walstirether stated seventy applicants got as far as Mr. Rodriguez and were also eliminated from the computer generated list, no space was available at the academy to train new agents. In September of 1994, Mr. Rodriguez received a Formal complaint form, he was given fifteen days to submit prior to filling out, Mr. Rodriguez received a Federal Express package from HQ/BP containing a medical form advising him they would continue the process, but due to the length of time it took to inform him, he would need to retake the medical again. For this reason, Mr. Rodriguez insists on filing a formal complaint and believes this prior action resulted in not getting hired with the U.S. Border Patrol.

In June of 1995, Mr. Rodriguez called the Examining Unit and was informed he would need another background investigation from 1994 and 1995. The Investigator stated she would obtained the old investigation and would re-investigate, and stated she was shocked as she had seen his qualifications and was apologetic he had not been hired as of yet, and advised him, people with lower qualifications had been hired, and stated he had a great background, with alot of experience. He waited for a reply, in 1996, he made calls from his personal phone, racking up the expense of long-distance calls(he states he has kept the phone bills) and repeatedly got the "run-around".

In January of 1997, Mr. Rodriguez insisted on speaking with the Head person of the Border Patrol Specializing Unit in HQ, and a man at (202)616-2614, stated he

000466

5

6

would have to go through psychiatric exams. On February 28, 1997, Mr. Rodriguez received a letter dated February 24, 1997, which stated he had five days to take the psychiatric examination, thereby allowing Mr. Rodriguez only one day to take the examination. Mr. Rodriguez made an appointment with Dr. Ted Barlett and he endured the seven hour humiliating experience of participating in the examination. Dr. Barlett advised him that the examination would be the property of the U.S. Government and to request a copy he would have to file a FOIA request.

In April of 1997, Mr. Rodriguez submitted a FOIA request to receive a copy and was informed that a physician would have to request it, which he did. Mr. Rodriguez has insisted on filing a formal complaint as soon as possible as he has waited for a final decision to be made, and informed that a decision is still pending within the Border Patrol Specializing Unit regarding the position of Border Patrol Agent, he has submitted full qualifications and experience, he's been informed required for the position.

In May of 1997, Mr. Vernon Morris notified him that he had passed and his application for Border Patrol was with the General Counsel. Mr. Rodriguez called Larry Kitt at (202)514-6389 and informed it was his opinion, he would not be hired due to things that have happened, however the final decision would not be determined by him, it would be determined by somebody other than himself and it was his experience that Mr. Rodriguez would not be hired.

**2.** On July 8, 1997, I called and spoke with Larry Kitt/Security Officer from HQ Security office at (202)514-6389 and requested information relating to the pending case of Mr. Rodriguez. Mr. Kitt verified they performed a background investigation and issued a decision which was forwarded to the Attention of Val Stanley at the office of the Border Patrol Specializing Unit in HQ. Mr. Kitt could not recall the date this occurred, he did state "this case did take an unusually long time to complete due to his background and was not able to disclose information contained in report". Mr. Kitt did state he informed Mr. Rodriguez that the decision he reached was unfavorable and it was approved by his Chief Security Officer, however they are not the deciding factor, and the final decision would be determined by the Border Patrol Specializing Unit.

**3.** I then attempted to reach Val Stanley from the Border Patrol Specializing Unit and left a message on her voice mail. Ms. Stanley promptly called me back and informed me of the following information:
The Border Patrol Specializing Unit requested the Security Officer and the Employee Assistance Officer to make a recommendation. The recommendations will be needed to make a decision to Show Cause. Mr. Rodriguez will have to answer to the allegations in his background. Previous requests for information were not submitted by Mr. Rodriguez. I then asked if the information in Mr. Rodriguez background were disclosed to him, she states he would have to do a FOIA request to obtain. It was requested

**6 continued**

how Mr. Rodriguez could submit answers to allegations he is unaware of, and Ms. Stanley stated they could provide a synopsis. I asked Ms. Stanley, why it has taken five years to pass and Mr. Rodriguez has not received a reply, and has not received a decision. Ms. Stanley stated that Mr. Rodriguez did not respond to previous requests for information. I then asked the reason that Mr. Rodriguez has been subjected to various psychological examinations and Ms. Stanley stated previous obtained information submitted and received were "too old to use".

**END OF PERSONAL INTERVIEWS**

7

### 7. Summary: (Reports of Findings.)

In April 1992, Mr. Rodriguez initially applied for a position with the U.S. Border Patrol in the capacity of Border Patrol Agent. Mr. Rodriguez believed he was well-qualified, based on: 1) his education, a Bachelor's degree in Criminal Justice. 2) Military background as an Honorable Discharged Veteran in the Army, 1984 through 1986. 3)Past Job experiences, three years in the capacity of Bureau of Prisons (BOP) Officer and promoted to Case Manager in the BOP. 4)presently employed as an investigator (over fifteen months). In addition he is also a native Spanish speaker, and experienced the humiliation of knowing the other BOP officers that had applied for the same position with qualifications known not comparable to his own, get hired. The Border Patrol Specializing Unit stated the names/persons selected for the positions of Border Patrol agent were obtained by a computer-generated list without regards to sex, race and National Origin and at least seventy other applicants were also not selected. The Headquarters Examining Unit stated that no race statistics were kept, it was not explained or understood the selection process used by HQ/Examining Unit to retrieve Names, Qualifications, for the vacancy positions. Mr. Rodriguez states by his own admission that he had a troubled past due to harrassment endured by fellow employees when he transferred to another location out of Florida while employed with the BOP, and resulted in the unfair termination with the BOP. This action of termination did not occur until after June 1995, years after applying for the Border Patrol. Mr. Rodriguez states he was never informed properly of his options available. Mr. Rodriguez has had to endure the humiliating experience of retaking psychological evaluations involving long hours to justify and prove he is "okay", and states all reports he has obtained have stated the same. Mr. Rodriguez states he has the documentation to indicate dates and incidents that he has had to endure during these years, he has not shared copies or documentation to present with report, this report was prepared based on the statements made by Mr. Rodriguez. BP Headquarters has corresponded with the same facts involving the time it has taken for Mr. Rodriguez to attempt to receive a final decision.

### 8. Results:

Val Stanley, HQ/BP, stated a request was made to the Security Officer and the Employee Assistance Officer to make their recommendations to prepare a decision to Show Cause. Ms. Stanley stated that a "final decision, HAD NOT BEEN MADE", and they will send out paperwork to allow Mr. Rodriguez to answer to allegations in his background and they could not disclose the allegations needed to be responded. Mr. Rodriguez stated he did not receive any paperwork from HQ/BP. Ms. Stanley could not give an estimated time as to when a decision will be rendered however she stressed he has never received a definite "NO", the case is considered pending.

000469

8

This is notice of final counseling interview. If you believe you have been discriminated against on the basis of race, color, religion, sex, age, national origin, or handicap, you have the right to file a complaint of discrimination within fifteen (15) days after receipt of this notice.

The complaint must be in writing and may be filed in person or by mail with the

> Director of Equal Employment Opportunity
> Immigration and Naturalization Service
> 425 I Street, N.W. Room 2232
> Washington, D.C. 20536

NOTE: Your acknowledged receipt and dating of this "Notice of Final Interview" concludes the counseling process.

SIGNATURE OF RECEIPT: *Jymn Ralifuz, Sr.*

DATE: 10-17-97

*Recieved Counselor's Report via Federal Express overnight Dilevary on 10-16-97. Jymn Ralifuz, Sr. End.*

000470

9