PRIVACY ACT STATEMENT: 1. AUTHORITY—The authority to collect this information is derived from 42 U.S.C. Section 2000e-16, 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE—This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, religion, sex, age, handicap, or national origin. The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation; hearing, if any; adjudication; and appeal, if one, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE—Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

1. Complainant's Full Name: Tyrone RODRIGUEZ

Street Address, RD Number, or Post Office Box Number: 7265 Gateshead Circle, #5

City, State and Zip Code: Orlando, Florida 32822

2. Your Telephone Number (including area code)
Home: 407-277-7279
Work: same

3. Which Department of Justice Office Do You Believe Discriminated Against You?
INS Headquarters

A. Name of Office Which You Believe Discriminated Against You:
Immigration and Naturalization Service
Border Patrol Headquarters

B. Street Address of Office:

C. City, State and Zip Code: Washington, D.C.

4. Current Work Address: Do not wish to state- irrelavent

A. Name of Agency Where You Work: "

B. Street Address of Your Agency: "

City, State and Zip Code: "

D. Title and Grade of Your Job: "

5. Date on Which Most Recent Alleged Discrimination Took Place
Month 08 Day 25 Year 97

[stamp: AUG 18 PM 2 '97, E-97-175]

6. Check Below Why You Believe You Were Discriminated Against?
☐ Race or Color (Give Race or Color) _____
☐ Religion (Give Religion) _____
☐ Sex (Give Sex) ☐ Male ☐ Female
☐ Age (Give Age) _____
☒ National Origin (Give National Origin) Puerto Rican
☐ Sexual Harassment

☐ Handicap ☐ Physical ☐ Mental
☒ Reprisal ☐ Other

7. Explain How You Believe You Were Discriminated Against (Treated differently from other employees or applicants) Because of Your Race, Color, Religion, Sex, Age, Handicap, Reprisal or National Origin (You may continue your answer on another sheet of paper if you need more space).

I was highly qualified for the position of Border Patrol agent and was continuously passed over for far less qualified white or Mexican-American applicants for a period of over 5 years. I was employed at the time as a correctional officer with the BOP, and was a military veteran, with a college degree, plus demonstrated fluency in spani

8. What Corrective Action Do You Want Taken on Your Complaint? (See Attachements)

The discrimination and reprisal has continued for over five years. I am currently 34 years old and the probability of passing a law enforcement academy become lower as an applicant becomes older. (SEE Attachm

9. A) I Have Discussed My Complaint With an Equal Employment Opportunity Counselor
DATE OF FIRST CONTACT: 06 02 97
DATE OF LAST INTERVIEW: None provided, although requested many times.

B) Name of Counselor: Maria Hernandez

☐ I have not contacted an EEO Counselor

10. Date of This Complaint:
Month 08 Day 14 Year 97

11. Sign Your (Complainant's) Name Here: /s/ Tyrone Rodriguez, Sr.

FORM DOJ-201A
AUG. 93

Continuation of No. 8.

I request as a form of corrective action and informal resolution in good faith as follows:

1. To be hired to the position first applied for, Border Patrol Agent Trainee, GS-7, within the next 180 days, and with no continued reprisal.

or

2. To be hired into an equal position and rank within the next 180 days, with no further reprisal.


Continuation of No. 7.

I began the employment process with INS, Border patrol on or about April 1992. At the time, I was currently employed with the Dept. of Justice, Bureau of Prisons, as a GS-7 (Correctional Officer). I was receiving excellent work evaluations and was performing very well. My background included exemplary military history, a B.S. in Criminal Justice, prior investigative experience, very good work history, and having certificates from having graduated in top of my class in two (2) prior academies. By the fall and winter of 1992, I had successfully passed the entire process with the INS, demonstrating fluency in spanish during a separate spanish oral interview. I continuously updated INS and was very cooperative. On July 1, 1994, I was informed by INS headquarters that I had to reapply again after going through the whole process successfully, and being highly qualified. I contacted Darlene Jedlicki, EEO Counselor, on July 27, 1994. Ms. Jedlicki's report stated that Headquarters deleted about 70 applicants from the pool of applicants via computer because there was no room for the next academy. Headquarters would not give me priority in the upcoming classes. The statement itself appears totally unlawful outrageous, and rediculous. At what point did Headquarters decide to delete 70 applicants. Did they just delete 70 at the beginning as a whim, with a total disregard for there EEO rights, and ignoring their qualifications, or did they choose who they wanted and then delete the 70 applicants they didn't want. A normal competent jury could infer that INS action was a mere pretex, to unlawfully discriminate against applicants and deny them employment with no justifiable reason. I was given a Right To FIle a Formal Complaint on or about 8/15/94. Before I submitted the formal complaint, I received a letter from INS stating that they would continue the process, but that I had to undergo another medical examination inwhich I complied. The medical was Federal Expressed immediately, but the process was delayed to where I had to undergo another Background Investigation, completed by the end of 1994. I never

2

heard from INS, and was ignored or told the wrong information when I called Headquarters for an update for a period of upto 8 months with no emplyment decision. I was aware that during this time, INS was hiring many appicants within a 6 to 9 month period, and personally witnessed the hiring of over a dozen BOP rookie Officers at USP, Florence, Colorado, within 6 months who were far less qualified than I was. On June 5, 1995, I experienced a retaliatory termination through a new employer in the State of Florida which is currently in litigation in the U.S. District Court, Middle District of Florid. I informed INS Headquarters of this fact and they stated that they would have to conduct anothe background investigation. During the interview with the OPM Investigator, I openly and honestly shared all pertinent information with the investigator to avoid conflicts and stated that I would drop the litigation with the State of Florida if hired by INS to continue with my life and law enforcement career. I did not receive any information until I received a letter from Steven A. Park, Acting Chief, Headquarters Human Resoures, dated, February 21, 1997, giving me 5 days to undergo a thorough Psychological/Psychiatric examination. The letter was post dated February 24, 1997, and received the letter on or about February 28, 1997. I immediately scheduled an appointment with Dr. Ted Barlett, per the instructions of the letter where I cooperatd in good faith. The examination took 7 hours and I completed the examination knowing that other applicants for the position of Border Patrol submit to these examinations. I received a copy of the pych report via FOIA on or about May 1997. Dr. Barlett concluded through his expert opinion (has conducted psyc test for law enforcement agencies for over 20 years) that I was suited for duty as a Border Patrol Agent. I had conversations with vernon Morris in April 1997, where he believed I would be hired shortly. I then spoke with Larry Kitt, Security, on or about May 1997. Mr. Kitt stated that it was his nonest opinion that I would not be hired and my file had to be reviewed by one other person, and did not know when a final decision would be made. Due to the 5½ year deliberate delay, the fact the age cut off was 37 years of age, and INS proven discrimination and violation of my Civil Rights, I elected to seek EEO counselin in good faith.

### EEO COUNSELING

I first contacted Maria Hernadez,Deportation Officer, Detriot, MI. I then had thorough interview on June 26, 1997. During that time I continousely requested a final interview and my Right to File a formal complaint, but some how she had many reasons for delays, many reference Headquarters. Ms. Hernandez once stated that she experienced ANGER from headquarters and felt uncomfortable speaking on the phone and disconnected the call. On or about the end of July 1997, I contacted Romona Hill, Eastern Region, and relayed my concerns, where she stated that she would try to take care of the situation because first

3

contact was June 2, 1997, and I should have received my Right to File a formal complaint by now. On August 5, 1997, I again contacted Romona Hill for an update, and she called back and stated that she called to let me no that she was not ignoring me and that she lefta message with Ms. Hernandez in her E-Mail, and never heard from either Ms. Hill or Ms. Hernandez to this date; therefore, I am excercising my right to go head to file a formal complaint as the EEO counseling phase lapsed over 60 days with no response.

## LEGAL ANALYSIS

I have always acted patiently, promptly, consciously, and in good faith. There is no dispute that from the initial application, I was highly qualified and should have been hired as a Boder Patrol Agent. There is no dispute that INS unlawfully deleted my name from the hiring process with no legal justification. There is no dispute that INS has hired thousands of applicants far less qualified than myself. There is no dispute that I am of Puerto Rican National Origin, a group far less represented in the Border Patrol.

I would request again to have this complaint informally resolved within the next 180 days. Any settlement well after this point would be futile as I will be approaching the age of 40 with lenthly litigation.

I have shown a Prima Facia case for discrimination and reprisal, which is actionable under Title VII of the Civil Rights Act of 1964, and as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, 42 U.S.C. 1983. Venue would be proper in the Middle District of Florida because I first applied in the State of Florida, I have continued the EEO process in Orlando, florida where I currently reside, and INS is Headquarted in Washington, D.C., with Offices nationwide. I will request an EEO hearing to be scheduled in Tampa, Florida where I will depose several INS officials, and requests records and documents during discovery before the EEOC hearing to prove discrimination and reprisal. If the EEOC finds cause for Discrimination and reprisal, Courts usually provide legal assistance to a Pro Se Plaintiff in the U.S. District Court. Expert witness can be provided at the expense of the Government agency (See Gates v. United States, 707 F.2d 1141(10th Cir.1983, Mckinney v. Anderson, 924 F.2d 1500(9th Cir.1991, and See Federal Rule of Evidence 706.) I will be entitled to compensatory damages for future pecunriay losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses. I will also be entitled under 42 U.S.C. 1983. to Punitive damages from those INS Officials in their official and individual capacities for their discriminatory practices with malice or with reckless indifference of my federally protected rights guarenteed by the 14th admenment

Page 5

to the constitution, which guarentees an individual to life, liberty, and property, secured by employment. I will also be entitled to retroactive/proactive injunctive relief.

Again it is hoped that this complaint can be informly resolved within the next 180 days in good faith.

respectfully submitted,

*Tyrone Rodriguez, Sr.*

Tyrone Rodriguez, Sr.
7265 Gateshead Circle, #5
Orlando, Florida  32822
Tel: (407) 277-7279
Fax: (407) 277-7279


cc/tr