**CLERK'S OFFICE**
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS

Jynne Rodriguez A
860 Juan Hero Ct
#D
Kissimmee

NIXIE        527  SC  1        76  10/05/07
             RETURN TO SENDER
             ATTEMPTED - NOT KNOWN
             UNABLE TO FORWARD
BC: 20001289999        *0131-14456-01-42

APPEAL, JURY, PROSE-NP, TYPE-L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:06-cv-00359-ESH
## Internal Use Only

RODRIGUEZ v. CHETROFF et al    Date Filed: 02/27/2006
Assigned to: Judge Ellen S. Huvelle    Jury Demand: Plaintiff
Case in other court:  USCA, 06-05216    Nature of Suit: 440 Civil Rights: Other
                      07-05189            Jurisdiction: U.S. Government Defendant
Cause: 42:1983 Civil Rights Act

**Plaintiff**

TYRONE RODRIGUEZ, SR.                represented by    TYRONE RODRIGUEZ, SR.
                                                        860 Green Heron Court
                                                        Apartment D
                                                        Kissimmee, FL 34742
                                                        (407) 744-5238
                                                        PRO SE

V.

**Defendant**

MICHAEL CHETROFF                     represented by    Alexander Daniel Shoaibi
*Department of Homeland Security*                      U.S. ATTORNEY'S OFFICE
*Agency*                                               555 Fourth Street, NW
                                                        E-4218
                                                        Washington, DC 20530
                                                        (202) 514-7236
                                                        Email: alexander.d.shoaibi@usdoj.gov
                                                        *LEAD ATTORNEY*

**Defendant**

CARI M. DOMINGUEZ                    represented by    Alexander Daniel Shoaibi
*Chair, Equal Employment Opportunity*                  (See above for address)
*Commission Agency*                                    *LEAD ATTORNEY*
*TERMINATED: 03/19/2007*                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/27/2006 | 1 | COMPLAINT against MICHAEL CHETROFF, CARI M. DOMINGUEZ filed by TYRONE RODRIGUEZ, SR.; Jury Demand.(bm) Additional attachment(s) added on 3/12/2007 (td, ). (Entered: 03/02/2006) |

| | | |
|---|---|---|
| 03/13/2007 | 13 | MOTION to Appoint Counsel by TYRONE RODRIGUEZ, SR (jf, ) (Entered: 04/09/2007) |
| 03/19/2007 | 11 | MEMORANDUM AND ORDER dismissing the complaint against EEOC Chair Cari M. Dominguez and directing the Clerk to provide the United States Marshal with a summons and a copy of the complaint for the purpose of effecting service of same upon Secretary Michael Chertoff in his official capacity and the United States. Signed by Judge Ellen S. Huvelle on 3/19/2007. (KF) (Entered: 03/19/2007) |
| 04/04/2007 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 4/4/07. RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney served on 4/4/2007, answer due 6/4/2007 (tg, ) (Entered: 04/05/2007) |
| 04/10/2007 | 14 | ORDER denying without prejudice 13 plaintiff's Motion to Appoint Counsel. Signed by Judge Ellen S. Huvelle on 4/10/2007. (KF) (Entered: 04/10/2007) |
| 04/12/2007 | | SUMMONS (3) Issued as to MICHAEL CHETROFF, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 04/16/2007) |
| 04/13/2007 | 15 | NOTICE of Appearance by Alexander Daniel Shoaibi on behalf of MICHAEL CHETROFF, CARI M. DOMINGUEZ (Shoaibi, Alexander) (Entered: 04/13/2007) |
| 04/24/2007 | 16 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. served on 4/23/2007, answer due 6/22/2007. (jf, ) (Entered: 04/26/2007) |
| 04/26/2007 | 17 | MOTION for Reconsideration re 14 Order on Motion to Appoint Counsel by TYRONE RODRIGUEZ, SR (jf, ) (Entered: 04/27/2007) |
| 04/30/2007 | | MINUTE ORDER denying 17 Plaintiff's Motion for Reconsideration of the Court's April 10, 2007 Order denying plaintiff's motion for the appointment of counsel. Signed by Judge Ellen S. Huvelle on 4/30/2007. (KF) (Entered: 04/30/2007) |
| 05/02/2007 | 18 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to MICHAEL CHERTOFF served 4/23/2007, answer due 6/22/2007 (tg, ) (Entered: 05/03/2007) |
| 05/07/2007 | 19 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 04/30/07. (jf, ) (Entered: 05/08/2007) |
| 05/14/2007 | 20 | MOTION for Recusal by TYRONE RODRIGUEZ, SR (jf, ) (Entered: 05/16/2007) |
| 05/18/2007 | 21 | MEMORANDUM AND ORDER denying 20 plaintiff's Motion for Recusal. Signed by Judge Ellen S. Huvelle on 5/18/2007. (KF) (Entered: 05/18/2007) |

| | | |
|---|---|---|
| 07/25/2007 | | Set/Reset Deadlines: Rule 16.3(d) report due by 8/27/2007. (gdf) (Entered: 07/25/2007) |
| 07/27/2007 | 30 | MOTION for Extension of Time and request that the defendant is ordered to cooperate per Rule 16.3(d) by TYRONE RODRIGUEZ, SR. (jf, ) (Entered: 07/31/2007) |
| 07/30/2007 | 29 | MOTION to Stay re 23 Notice of Appeal by TYRONE RODRIGUEZ, SR (jf, ) (Entered: 07/31/2007) |
| 08/13/2007 | | MINUTE ORDER denying 29 Plaintiff's Motion to Stay on the ground that Rule 62(g) applies only to the appellate court. Signed by Judge Ellen S. Huvelle on 8/13/2007. (KF) (Entered: 08/13/2007) |
| 08/13/2007 | | MINUTE ORDER denying 30 Plaintiff's Motion for Extension of Time as moot in light of the Order of July 25, 2007, enlarging the time to August 27, 2007, for the parties to confer. Signed by Judge Ellen S. Huvelle on 8/13/2007. (KF) (Entered: 08/13/2007) |
| 08/27/2007 | 31 | MOTION for Summary Judgment by MICHAEL CHETROFF (Attachments: # 1 Statement of Facts # 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K# 12 Exhibit L# 13 Exhibit M# 14 Exhibit N# 15 Exhibit P# 16 Exhibit Q# 17 Exhibit R# 18 Exhibit S# 19 Exhibit T# 20 Exhibit U)(Shoaibi, Alexander) (Entered: 08/27/2007) |
| 08/28/2007 | 32 | ORDER directing plaintiff to respond to defendant's motion for summary judgment no later than October 1, 2007. Signed by Judge Ellen S. Huvelle on 8/28/2007. (KF) (Entered: 08/28/2007) |

19                FEDERAL RULES OF CIVIL PROCEDURE                Rule 15

party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert any defenses as provided in Rule 12 and any counterclaims and cross-claims as provided in Rule 13. Any party may move to strike the third-party claim, or for its severance or separate trial. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to the third-party defendant for all or part of the claim made in the action against the third-party defendant. The third-party complaint, if within the admiralty and maritime jurisdiction, may be in rem against a vessel, cargo, or other property subject to admiralty or maritime process in rem, in which case references in this rule to the summons include the warrant of arrest, and references to the third-party plaintiff or defendant include, where appropriate, a person who asserts a right under Supplemental Rule C(6)(a)(1) in the property arrested.

  (b) WHEN PLAINTIFF MAY BRING IN THIRD PARTY. When a counterclaim is asserted against a plaintiff, the plaintiff may cause a third party to be brought in under circumstances which under this rule would entitle a defendant to do so.

  (c) ADMIRALTY AND MARITIME CLAIMS. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(a)(1), as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 12, 2006, eff. Dec. 1, 2006.)

### Rule 15. Amended and Supplemental Pleadings

  (a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

  (b) AMENDMENTS TO CONFORM TO THE EVIDENCE. When issues not raised by the pleadings are tried by express or implied consent of

**Rule 16**  FEDERAL RULES OF CIVIL PROCEDURE  20

the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

   (c) RELATION BACK OF AMENDMENTS. An amendment of a pleading relates back to the date of the original pleading when
      (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
      (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
      (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
      The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

   (d) SUPPLEMENTAL PLEADINGS. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Dec. 9, 1991; Apr. 22, 1993, eff. Dec. 1, 1993.)

**Rule 16. Pretrial Conferences; Scheduling; Management**

   (a) PRETRIAL CONFERENCES; OBJECTIVES. In any action, the court may in its discretion direct the attorneys for the parties and any

UNITED STATES DISTRICT COURT
For the District of Columbia

RECEIVED
AUG 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Tyrone Rodriguez, Sr.
Plaintiff,

Case No. 06-CV-359 ESH
Date: August 23, 2007
(Mailed Today via overnight express mail)

v.

Michael Chertoff, Secretary,
Department of Homeland Security, Agency.
Defendant.
_____/

## FIRST AMENDED COMPLAINT

### ISSUE

Whether the agency discriminated against RODRIGUEZ, on the base of his National Origin (Puerto Rican) in violation of Title VII of the Civil Rights Act of 1964, falsely perceived him as disabled with a delusional disorder, in violation of the American with Disabilities Act and Title I of the Civil Rights Act of 1964, or reprisal when it failed to select him for the position of Border Patrol Agent. In addition, whether the agency violated the United States Code and the Code of Federal Regulations by never contacting RODRIGUEZ during the non-selection phase, not allowing him 14 days to refute the non-selection decision, and not allowing him to produce contradictory evidence to support his selection.

### STATEMENT OF THE FACTS

1. RODRIGUEZ applied for the position of Border Patrol Agent on or about February 1992. RODRIGUEZ was a Senior Correctional Officer with the Department of Justice, Bureau of Prisons at that time with over three years

1

Federal Law Enforcement service with above average consistent performance appraisals and had established priority hiring status with the federal civil service. RODRIGUEZ also applied as a qualified U.S. Veteran with priority Veteran hiring status and registry. In addition, RODRIGUEZ applied for priority placement as an applicant fluent in SPANISH. RODRIGUEZ was tested in that criteria based on documented evidence that he obtained his fluency in Spanish by his National Origin (Puerto Rican) well acknowledged and documented by the agency. RODRIGUEZ scored very high in this test and was complimented by the panel of interviewers. At testing, the interviewers stated that the agency did not openly desire to hire Puerto Rican applicants because they were to stubborn to learn Castilian Spanish as they were to set in there ways; however, they noticed that RODRIGUEZ learned Castilian Spanish through numerous manuals before testing and showed the panel the initiative to excel within the agency. RODRIGUEZ at the time had Associates and a Bachelors Degrees in Criminal Justice, a military combat veteran, and was a former State of Florida Fraud Investigator, where he was highly qualified for the position of Border Patrol and more qualified for the position of Special Agent.

2. The Agency on or about August 1994 sent RODRIGUEZ A letter that he was taken off the register of applicants via computer and would not be given priority reconsideration; therefore, RODRIGUEZ an EEOC complaint for discrimination.

3. During the course of the investigation, the agency never contacted RODRIGUEZ at any time. The agency on it's own after only asking RODRIGUEZ to see Clinical Psychologist Dr. Edmand Barlett and have a mental Fitness examination,

in which he passed and was given a positive recommendation for selection for the position of Border Patrol Agent by the agency's hired expert, the agency conducted a secret Assessment with the agency's Medical Review Officer, Dr. Bruce Butler who is just a General Physician and not expert and never contacted RODRIGUEZ or interviewed him. The agency never bothered to utilize an agency Psychologist or Psychiatrist to evaluate RODRIGUEZ and/or ask Dr. Bartlett to examine RODRIGUEZ further.

4. The agency used Dr. Butler's report which was approximately 25 pages of unqualified exaggerations of him reading over 90 manuals of delusional disorder and speaking with doctors that gave negative recommendations of RODRIGUEZ, having at least 10 conversations with Dr. Bartlett, where he stated that if he had background information that Dr. Butler gave him over the phone that he would have changed his opinion of RODRIGUEZ. Dr. Butler also states that he spoke with Dr. Inwald which created the testing that Dr. Bartlett used and she supposedly state to Dr. Butler over the phone that Dr. Bartlett testing was inaccurate. Dr. Butler also states that he considered the opinions of a Dr. Saveedra and a Dr. Ballentine to make his assessment.

5. There is clear and convincing evidence that there were no other reports on file clearly stated in the summary judgment appeal which was over turned based on that undisputed fact. Dr. Bartlett submitted a sworn affidavit at the EEOC Hearing that he had no recall of any contact with Dr. Butler, that he would never used hearsay evidence by Dr. Butler only **NEW** evidence, and that he was never asked to evaluate RODRIGUEZ further. Dr. Inwald also submitted an affidavit in

3

business letterhead that she had no recall of any contact with Dr. Butler. Dr. Butler stood by his report under oath at the hearing, testified under oath that Dr. Bartlett's report had more weight than his report based on common sense, he testified under oath that he did have numerous conversations with Dr. Bartlett faced and having read Dr. Bartlett sworn affidavit denying this phone contact, Dr. Butler testified that he was investigated by the Inspector General for allegedly lying in a report against an FBI Agent for his instant employer, and Dr. Butler also testified that he had a past Medical Malpractice suit against him. This testimony and Dr. Butler's prior history and evidence of providing false/fraudulent testimony gave a high negative inference against Dr. Butler's report and testimony and clearly established that he most likely committed perjury at the hearing because the his alleged report contained material misstatements of a material fact used to falsely make his report appear more objective than Dr. Bartlett the true expert.

6. The agency's contention that agency officials did not know of RODRIGUEZ PRIOR EEOC activity his false and cannot be believed by a jury of average intelligence. The agency's recommendation for non-selection report on its first page lists: Prior EEOC activity: **ISSUE.** The agency Security Officer, Lawrence Kitt stated via testimony that he was aware of RODRIGUEZ prior EEOC activity, and Dr. Butler also testified under oath at the hearing that he was well aware of RODRIGUEZ prior EEOC activity; therefore, a jury cannot believe that other agency officials with the duty to reread the same reports did not know of RODRIGUEZ prior EEOC activity.

4

7. The agency violated strict EEOC rules and regulations by not using the best objective evidence in conducting an assessment, using only experts in the exact field of expertise in conducting an assessment, and to be careful in not allowing the applicant to use his own expert, not relying on just the opinion of there choice, and not to use evidence based on fraud.

8. The EEOC violated the same rules as the agency and the EEOC erroneously utilized the wrong rule of evidence and law during the EEOC administrative as preponderance of the evidence, where EEOC rules clearly states that it must be Clear and convincing evidence that must be applied to render an agency decision.

## CONCLUSION

Based on the fact that the agency and the EEOC violated Title I and Title VII, used the wrong rule of law, violated numerous EEOC rules and regulations, considered the perjured testimony and opinion of the agency's own Medical Review Officer who is not an expert and in fact a General Physician not qualified as a expert in a specific field, ignored the opinion of the agency's own hired expert in the specific field on expertise and positive recommendation to hire RODRIGUEZ as a Border Patrol Agent which clearly shows that the agency falsely was perceiving RODRIGUEZ as disabled due to stereotyping and fear of a possible lingering mental illness and as a pretex to actual discrimination and retaliation, there is documented evidence that the agency was aware of RODRIGUEZ prior EEOC activity so it is clear that the agency and the EEOC discriminated against RODRIGUEZ and falsely perceived him as disabled where RODRIGUEZ is entitled to damages and must be hired by the agency.

## REQUEST FOR DAMAGES AND INJUNTIVE RELIEF

RODRIGUEZ is requesting a combination of Compensatory and Punitive damages of no less than $300, 000 for deliberate and malicious indifference and malicious and defamation of character. Based on almost 20 years of humiliation, embarrassment, loss of career as RODRIGUEZ name is all over the internet with defamatory statements of he is suffering from delusional disorder. RODRIGUEZ is also divorced partially because of pursuing this case, RODRIGUEZ has suffered with bouts of depression over the defamation and loss of career, his health has been impacted, and has suffered loss of family, and having a normal life. RODRIGUEZ is also requesting Disability Retirement due to his medical problems aggravated by pursuing and prolonging this litigation as reinstatement into a law enforcement position as RODRIGUEZ is approaching the age of 50 years with medical problems, with the very possible acts of retaliation that he may suffer with a federal position, it may be detrimental to his health and well being and disability retirement would be more appropriate. RODRIGUEZ is also requesting that his name and all cases be removed by the EEOC from the internet to avoid further defamation, and RODRIGUEZ is also requesting that the court order the agency and the EEOC to draft formal letters of apologies to RODRIGUEZ for the undue torment and humiliation he suffered over the years, and request for injunctive relief.

Submitted,

*[signature]*

Tyrone Rodriguez, Sr.
Pro Se/Forma Pauperis

## CERTIFICATE OF SERVICE

RODRIGUEZ certifies that a true a correct copy was delivered via regular mail to the following party: Alexander D. Shoaibi, Assistant State Attorney, U.S. Department of Justice, U.S. Attorney's Office, 555 Fourth Street, N.W., Washington, D.C. 20001 today August 23, 2007.

Submitted,

Tyrone Rodriguez, Sr.
Pro Se/ Forma Pauperis
860 Green Heron Ct. #D
Kissimmee, Florida 34741