UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TYRONE RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-359 (ESH) |
| | ) |
| MICHAEL CHERTOFF, | ) |
| Secretary, Department of | ) |
| Homeland Security, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT MOTION**

Defendant Michael Chertoff, through counsel, the United States Attorney for the District of Columbia, respectfully opposes Plaintiff's "Motion to Compel Discovery and Motion for a Continuance of Summary Judgment" ("Pl.'s Mot."). For the reasons set forth below, Pl.'s Mot. should be denied.

**I.      Plaintiff Has Failed to Meet the Legal Standard for Discovery Under Rule 56(f).**

Under Rule 56(f), a court "may deny a motion for summary judgment or order a continuance to permit discovery if the party opposing the motion adequately explains why, at that timepoint, it cannot present by affidavit facts needed to defeat the motion." Strang v. United States Arms Control & Disarmament Agency, 275 U.S. App. D.C. 37, 864 F.2d 859, 861 (D.C. Cir. 1989); Londrigan v. FBI, 216 U.S. App. D.C. 345, 670 F.2d 1164, (D.C. Cir. 1981). "[T]he purpose of Rule 56(f) is to prevent 'railroading' the non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery." Dickens v. Whole Foods Market. Group, Inc., 2003 U.S. Dist. LEXIS 11791, 2003 WL 21486821, at *2 n.5 (D.D.C. Mar. 18, 2003) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). Whether the circumstances warrant a

continuance to permit discovery is a decision that falls within the discretion of the district court. Stella v. Mineta, 350 U.S. App. D.C. 300, 284 F.3d 135, 147 (D.C. Cir. 2002).

A non-moving party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." Cloverleaf Standardbred Owners Ass'n v. Nat'l Bank, 226 U.S. App. D.C. 122, 699 F.2d 1274, 1278 n.6 (D.C. Cir. 1983); see also Hotel & Rest. Emples. Union, Local 25 v. AG, 256 U.S. App. D.C. 227, 804 F.2d 1256, 1269 (D.C. Cir. 1986) (noting that this affidavit requirement helps "prevent fishing expeditions"), vacated on other grounds, 257 U.S. App. D.C. 243, 808 F.2d 847 (D.C. Cir. 1987). The non-moving party also bears the burden of identifying the facts to be discovered that would create a triable issue. Byrd v. Environmental Protection Agency, 335 U.S. App. D.C. 403, 174 F.3d 239, 248 n.8 (D.C. Cir. 1999). "It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." Byrd, 174 F.3d at 248 n.8 (internal citations omitted); see also Exxon Corp. v. Crosby-Miss. Res., Ltd., 40 F.3d 1474, 1488 (5th Cir. 1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative").

In support of his motion, Plaintiff states as follows:

> RODRIGUEZ needs to demand for the agency to produce medical reports Dr. Butler states he considered opinions from several experts, and obtain impartial expert opinions and reports, and sworn affidavits contradiction Dr. Butler report and previous sworn testimony and material misstatements of material facts which would discredit his testimony, his report, and discovery will further supplement the record which is based of a bias investigation and secret unlawful assessment process [sic].

Pl.'s Mot., p. 1.

All of the "medical reports" considered by Dr. Butler in forming his opinion of Plaintiff were provided as exhibits to Defendant's Motion for Summary Judgment ("Def.'s Mot."), and

2

are already part of the record.  In his report, Dr. Butler states that he reviewed the following documents:  the Office of Personnel Management ("OPM") report of investigation, pages 25-29; "Dr. R.E. Ballentine's analysis of Tyrone Rodriguez dated May 31, 1995"; and "[a]n analysis by Ted Schwartz, ACSW dated May 21, 1997."  Def.'s Mot., Ex. O, pp. 4-6.   These documents have been provided as Def.'s Mot. Exhibits I, H and L, respectively.   Regarding Plaintiff's stated "need" to "obtain impartial expert opinions and reports, and sworn affidavits" to contradict Dr. Butler's report, Plaintiff does not explain what facts he believes would be contained in these opinions and affidavits, how such facts would create triable issues for trial, or why he is unable to present such evidence at this time.  Additionally, Plaintiff does not state how he expects to obtain these opinions and affidavits through discovery.  As stated above, all documents relied upon by Dr. Butler in forming his opinion have already been provided to Plaintiff.   Furthermore, the Plaintiff's desire to test an opposing affiant's testimony is not sufficient to justify Rule 56(f) discovery.  See Carpenter v. Fed, Nat'l Mortgage Ass'n, 174 F.3d 231, 237 (D.C. Cir. 1999) citing Strang v. U.S. Arms Control and Disarmament Agency, 864 F.2d 859, 861 (D.C. Cir. 1989).

3

## II. Conclusion

   Based on the foregoing, Defendant respectfully requests that the Plaintiff's Motion be denied .

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


\_\_/s/_____
ALEXANDER D. SHOAIBI,
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that the attached reply to opposition to motion for summary judgment was mailed by first class mail postage prepaid on this 13th day of November, 2007 to:

        Tyrone Rodriguez
        1405 W. Donegan Avenue, Apt. D
        Kissimmee, Florida 34741

        _____
        ALEXANDER D. SHOAIBI
        Assistant United States Attorney
        Civil Division, Room E-4218
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202)514-7236