# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5398**  **September Term 2007**

06cv00359

**Filed On:** April 28, 2008

Tyrone Rodriguez, Sr.,

    Appellant

    v.

Michael Chertoff,

    Appellee

**BEFORE:** Henderson, Rogers, and Tatel, Circuit Judges

### ORDER

Upon consideration of the motion for summary affirmance, the opposition thereto, and the motion for appointment of counsel, it is

**ORDERED** that the motion to appoint counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly granted appellee's motion for summary judgment. Appellant did not demonstrate he is disabled under the Rehabilitation Act, because the evidence does not show that appellee regarded him as being substantially impaired in his ability to perform a broad range of jobs. See Sutton v. United Airlines, Inc., 527 U.S. 471, 492 (1999); Duncan v. WMATA, 240 F.3d 1110 (D.C. Cir. 2001). With respect to appellant's claim of discrimination under Title VII, appellee presented legitimate, non-discriminatory reasons for his actions, and appellant has not demonstrated that appellee's explanation was a pretext for discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); see also Brady v. Office of the Sergeant at Arms, U.S. House of Representatives, – F.3d –, 2008 WL 819989 (D.C. Cir. 2008); Mastro v. Potomac Elec. Power Co., 447 F.3d 843, 850 (D.C. Cir. 2006). Appellant waived his

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5398**                                    **September Term 2007**

Title VII retaliation claim by failing to oppose appellee's motion for summary judgment on that claim.  See <u>Tarpley v. Greene</u>, 684 F.2d 1, 6-7 (D.C. Cir. 1982) (affirming the granting of summary judgment when the nonmoving party failed to cite specific evidence in his opposition to summary judgment).  The district court did not abuse its discretion denying appellant's motion to compel discovery.  See <u>Dunning v. Quander</u>, 508 F.3d 8, 10 (D.C. Cir. 2007) (refusing to compel discovery when plaintiff failed to provide a persuasive reason for needing discovery).

   Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**